846 F.2d 167
 UNITED STATES of America, Appellee,
v.
Filiberto Innocencio OJEDA RIOS, a/k/a "Greco", a/k/a
"Luis", a/k/a "Juvenal Concepcion", a/k/a "Pedro
Almodovar", a/k/a "Julio Lopez", a/k/a
"El Viejo", Defendant-Appellant.
 No. 1232, Docket 88-1080.
 United States Court of Appeals,
Second Circuit.
 Argued May 12, 1988.
Decided May 13, 1988.
 
 Richard J. Harvey, New York City (Stevens, Hinds & White, P.C., New York City, Filiberto Ojeda Rios, Hartford, Conn., Linda A. Backiel, Michael E. Deutsch, Ronald L. Kuby, New York City, of counsel), for defendant-appellant.
 Albert S. Dabrowski, Executive Asst. U.S. Atty., Hartford, Conn. (Stanley A. Twardy, U.S. Atty., D. Conn., New Haven, Conn., Maury S. Epner, U.S. Dept. of Justice, Washington, D.C., of counsel), for appellee.
 Martha A. Stone, Hartford, Conn. (Connecticut Civil Liberties Union, Kathleen M. Zapata, Hartford, Conn., of counsel), for amici curiae Connecticut Civil Liberties Union, Ass'n of Latino Attys., Nat. Conference of Black Lawyers, Nat. Lawyers Guild, Puerto Rican Legal Defense and Educ. Fund, Inc., Movimiento Ecumenico Nacional de Puerto Rico, Inc., and Hon. John Conyers, Jr., Chairman, Subcommittee on Criminal Justice of the House Committee on the Judiciary.
 Lenox S. Hinds, Somerset, N.J., for amici curiae Intern. Ass'n of Democratic Lawyers, Nat. Conference of Black Lawyers and Nat. Lawyers Guild.
 Hector Lugo Bougal, San Juan, Puerto Rico, for amicus curiae Colegio de Abogados de Puerto Rico.
 Before VAN GRAAFEILAND, PIERCE and ALTIMARI, Circuit Judges.
 PER CURIAM:
 
 
 1
 On August 28, 1985, a grand jury in Connecticut returned an indictment charging seventeen persons, including appellant Filiberto Ojeda Rios, with various offenses committed in connection with the September 12, 1983 robbery of a Wells Fargo office in West Hartford, Connecticut. A superseding indictment was returned in March, 1986, naming sixteen of the original seventeen defendants and adding three new defendants. All of the defendants were alleged to be members of Los Macheteros, a paramilitary group advocating independence for the Commonwealth of Puerto Rico. See United States v. Melendez-Carrion, 820 F.2d 56, 57 (2d Cir.1987) ("Melendez-Carrion II "), reh'g denied, 837 F.2d 61 (2d Cir.1988).
 
 
 2
 Following bail hearings conducted in September and October, 1985, Magistrate F. Owen Eagan ordered several of the defendants to be detained without bail, pursuant to the Bail Reform Act of 1984, 18 U.S.C. Sec. 3141 et seq. Ojeda Rios was one of six defendants ordered detained on grounds of both dangerousness and risk of flight. The district court, T. Emmet Clarie, J., affirmed, inter alia, the order of detention as to Ojeda Rios. This Court subsequently affirmed the order of detention with respect to Ojeda Rios on the ground that he constituted a risk of flight, but remanded with respect to two other defendants who had been detained for eight months solely on the ground of dangerousness. See United States v. Melendez-Carrion, 790 F.2d 984 (2d Cir.1986) ("Melendez-Carrion I ").
 
 
 3
 In December, 1986, Ojeda Rios and six co-defendants filed a motion for conditional release pending trial. Judge Clarie granted the motion for release as to five of the defendants, but denied the motion as to Ojeda Rios and another defendant, Juan Enrique Segarra Palmer, on the ground that they continued to pose a risk of flight. This Court affirmed the order denying the motion for release. Melendez-Carrion II, 820 F.2d 56.
 
 
 4
 Ojeda Rios and Segarra Palmer renewed their motions for conditional release pending trial in January, 1988. Judge Clarie granted the motion as to Segarra Palmer, but denied the motion as to Ojeda Rios on the ground that the latter still posed a risk of flight and also presented a danger to the community. Appellant subsequently filed a timely notice of appeal. Ojeda Rios has now been in custody over thirty-two months awaiting trial.
 
 DISCUSSION
 
 5
 Every so often, a district court is presented with a problem that is virtually insoluble. This is one of those cases. Judge Clarie has been understandably reluctant to release Ojeda Rios from pretrial confinement given allegations of appellant's past pattern of violent acts and disregard of his obligations under United States laws. At the same time, Judge Clarie has been faced with continuous delays in getting appellant's and his co-defendants' case to trial, largely because of the zealous, perhaps overly zealous, pretrial demands of the defendants. On the other hand, the government has been reluctant to agree to a severance. Faced with these difficulties, Judge Clarie carefully and conscientiously applied the test set forth in United States v. Gonzales Claudio, 806 F.2d 334, 340 (2d Cir.1986), which requires the court to determine whether pretrial detention violates the defendant's right to due process by considering (1) the length of detention that has occurred and the non-speculative nature of future detention; (2) the extent to which the prosecution bears responsibility for the delay in starting trial; and (3) the facts concerning the risk of flight. In so doing, Judge Clarie recognized that "the due process limit on the duration of preventive detention 'requires assessment on a case-by-case basis, since due process does not necessarily set a bright line limit for length of pretrial confinement.' " Id. (quoting United States v. Salerno, 794 F.2d 64, 78-79 (2d Cir.1986) (Feinberg, Ch.J., dissenting), rev'd on other grounds, --- U.S. ----, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)).
 
 
 6
 It now appears, however, that the case cannot be reached for trial before next fall at the earliest and that even when reached, it will take many months to try. Taking all the above factors into consideration, we do not believe that due process can tolerate any further pretrial detention in this case. Appellant's counsel has acknowledged his client's willingness to abide by any conditions imposed upon his release from confinement, including a prohibition against leaving Hartford, daily reporting to an appropriate government official and the use of a radio bracelet warning system. We therefore direct the district court to order the release of Ojeda Rios no later than 5:00 p.m. on Friday, May 20, 1988, upon such conditions as discussed above and such financial and other conditions that the district court deems reasonably necessary. We make this decision solely on the facts of the instant case, without attempting to set a bright-line precedent for future cases.
 
 
 7
 The mandate shall issue forthwith.