**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Rocco Ernest INFELISE, et al.,
Defendants–Appellants.**

**Nos. 91–1155, 91–1156.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 11, 1991.

Decided May 30, 1991.

See also 765 F.Supp. 960.

Mitchell A. Mars, Jeffrey M. Johnson, Barry R. Elden, Asst. U.S. Attys., Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Patrick A. Tuite, Kevin E. Milner, Chicago, Ill., Bruce Cutler, New York City, Robert A. Novelle, Serpico, Novelle, Dvorak & Navigato, Chicago, Ill., Robert F. Simone, Philadelphia, Pa., Allan A. Ackerman, Chicago, Ill., for defendants-appellants.

Before CUDAHY, POSNER, and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

The defendants, who are awaiting their federal criminal trial for a variety of racketeering acts, appeal from the district court's denial of their motion to revoke their pretrial detention. The defendants have been detained since February 1990. Their trial is scheduled for September 4, 1991—a firm date—and is expected to last five months. So by the time the trial is over, the defendants will have spent two years in jail without having been found guilty of a crime. They argue that such a delay is a denial of due process of law.

[1–3] The government cannot be permitted to defeat the restrictions with which the Bill of Rights hedges about criminal prosecutions by indefinite delay in bringing defendants to trial. *United States v. Salerno*, 481 U.S. 739, 747 n. 4, 107 S.Ct. 2095, 2102 n. 4, 95 L.Ed.2d 697 (1987); *United States v. Ojeda Rios*, 846 F.2d 167 (2d Cir.1988) (per curiam); *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir.1986). But length of detention cannot be the only consideration, *United States v. Melendez–Carrion*, 820 F.2d 56 (2d Cir.1987), not only because some criminal cases are inherently complex and difficult to bring to trial quickly, and not only because some defendants awaiting trial are highly dangerous or highly prone to flee unless confined, but also because the extent of delay is to some extent within the control of the defendants themselves, and they cannot be allowed to manufacture the grounds for their constitutional argument. If judge and prosecutor are doing all they reasonably can be expected to do to move the case along, and the statutory criteria for pretrial detention are satisfied, then we do not think a defendant should be allowed to maintain a constitutional challenge to that detention. To get to first base, therefore, he must show

that either the prosecution or the court has unnecessarily delayed in bringing the case to trial—maybe the prosecutor is stalling because he realizes his case is so weak that pretrial detention is the only punishment in fact he can impose on the defendant.

 The defendants in this case have failed to make the required showing. There are twenty defendants all told (only four of whom—the four appellants—are being detained before trial), they are accused of a variety of serious crimes, the government's case is not weak, and the evidence is voluminous. We do not understand the defendants to be arguing that the government should not have joined all twenty, or that it has taken any other unnecessary step to delay the trial, or that the court system is responsible for the delay. The delay appears to be due to the time that the defendants' counsel are taking to prepare their clients' defense. Of course we do not criticize them for preparing as carefully as possible, but neither do we think that the length or depth of their preparation can obtain the release of defendants whose dangerousness has been amply demonstrated. *United States v. Zannino*, 798 F.2d 544 (1st Cir.1986) (per curiam).

The formulation we have suggested explains the cases—even *Ojeda Rios*, where the defendants shared responsibility with the prosecution for the long delay in bringing the case to trial and nevertheless a violation of due process was found. When the court of appeals decided the case in May 1988, Ojeda Rios had already been in custody for 32 months. Trial was scheduled for the fall of 1988, at the earliest, and expected to last several months. Realistically, then, Ojeda Rios, if not released, would have been detained between three and four years before judgment—an extraordinary period. And while the defendants had been responsible for much of the delay, it was unclear what if any part of the delay was the responsibility of Ojeda Rios or his lawyer; and at least some of the responsibility lay with the government. Our case is different. The defendants before us share (with the other defendants) responsibility for the delay, the delay is shorter, and the government is not implicated in it.

 Nevertheless the matter must be remanded for further consideration by the district judge. The Bail Reform Act of 1984, the statute under which these defendants are detained, requires the judge to consider the possibility of less restrictive alternatives to detention, 18 U.S.C. § 3142(e), and the defendants proposed electronic surveillance anklets. Rather than considering whether such a condition of release would reasonably assure the appearance of the defendants for trial and the safety of the community (the statutory criteria), the judge ruled that she would decide this question only if she decided that the continued detention of the defendants would violate due process. But the statute is not just a back up to the Constitution. It prescribes a criterion for continued detention—that there be no adequate alternative that is less restrictive—which must be satisfied regardless of constitutional requirements. The matter must therefore be remanded for a determination whether the use of anklets would satisfy the Bail Reform Act and thereby give these defendants a statutory entitlement to release pending trial. Cf. *United States v. Gatto*, 750 F.Supp. 664, 676 (D.N.J.1990).

REMANDED WITH DIRECTIONS.