28 F.3d 114
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin Dean PETERS, Defendant-Appellant.
 No. 94-2107.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1994.
 
 Before LOGAN, MOORE, and ANDERSON, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 PER CURIAM
 
 1
 After examining the briefs and those portions of the appellate record provided by the parties, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. Defendant's request for oral argument is DENIED.
 
 
 2
 In this appeal, authorized by Fed.R.Crim.P. 9(a), defendant Calvin Dean Peters appeals the district court's refusal to release him from custody pending trial. He claims he is entitled to be released on bail, with appropriate conditions, pending his trial because his detention violates his Fifth Amendment due process rights.[2] Defendant has been in pretrial detention for thirty-four months pending trial on charges of sexual assault and burglary on an Indian Reservation.
 
 
 3
 We review detention orders under a plenary standard as to legal issues or mixed questions of law and fact, with deference to the district court's findings of fact. United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir.1991). See also United States v. Millan, 4 F.3d 1038, 1043 (2d Cir.1993) (ultimate determination whether due process violated requires plenary review).
 
 
 4
 Thirty-four months detention with a prospect of several more before a trial can be concluded raises a significant question whether there has been a constitutional violation. See United States v. Gonzales Claudio, 806 F.2d 334, 341 (2d Cir.1986) ("Detention that has lasted for fourteen months and, without speculation, is scheduled to last considerably longer, points strongly to a denial of due process."). Nevertheless, no case has established an absolute outside limit. See United States v. Salerno, 481 U.S. 739, 747 n. 4 (1987) (declining to determine the point at which detention is excessively long and hence becomes punitive, not regulatory). Here the district court's findings of the danger posed by defendant's release and the strength of the government's case are supported by the record. Our review of the docket sheets also indicates that virtually all the delay has been because of motions and requests filed by defendant, including his changing counsel and adding other counsel. Even though the delays may have been desirable to help counsel prepare a defense, we agree with our sister circuit that defendant "cannot be allowed to manufacture the grounds for [his] constitutional argument," and "neither do we think that the length or depth of their preparation can obtain the release of defendant[ ] whose dangerousness has been amply demonstrated." United States v. Infelise, 934 F.2d 103, 104-05 (7th Cir.1991).
 
 
 5
 Upon careful consideration of the parties' briefs on appeal, together with attachments, we conclude that the district court's order should be, and therefore is, AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 On appeal, Mr. Peters does not contend that his detention violates the Speedy Trial Act or other constitutional rights he may have. Despite his attempt to preserve those claims, which he brought before the district court, we do not consider points not argued on appeal. See Bledsoe v. Garcia, 742 F.2d 1237, 1244 (10th Cir.1984)