**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

ROBERT JAY BERNHARDT,

        Defendant-Appellant.

No. 97-1391
(D.C. No. 96-CR-203)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, EBEL, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This matter is before the court on defendant's appeal from the district court's order granting pretrial detention. Mr. Bernhardt is charged in eight of a

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

ten-count indictment with violations of various drug and weapons law. There are now five other defendants charged in the third superseding indictment. When defendant and another defendant were first arraigned in May of 1996, the government sought an order of pretrial detention pursuant to 18 U.S.C. § 3142(e) and invoked the presumption of detention. The defendants waived their right to counsel and proceeded with the arraignment and detention hearing. The government produced testimony of a Special Agent with the Alcohol, Tobacco and Firearms Bureau, as well as photographic exhibits indicating that the defendants and others were engaged in trading assault weapons and pipe bombs for methamphetamine. The court also considered a Pretrial Services Report.

Defendant Bernhardt's attempt to rebut the presumption focused on minor inconsistencies in the agent's testimony and a request for the court's leniency. Based on the evidence presented, the court ordered defendant detained on the ground that he is a danger to the community.

Since the initial arraignment, proceedings have been delayed by the filing of first, second, and third superseding indictments, numerous pretrial motions and defendant's voluntary change of counsel on two occasions.

Defendant was arraigned on the third superseding indictment on October 8, 1997, at which time the court also heard argument on defendant's current motion for pretrial release. The basis for the latest application for release is the ill health

of defendant's wife and his need to provide care and financial support for his family. Defendant conceded that following his initial arraignment and detention, he was sentenced on state charges. Defendant also argued that his continued incarceration (then approaching seventeen months) is unconstitutional. The government responded that much of the delay was attributable to the defendant's actions in changing attorneys and that because of the court's earlier finding of dangerousness, brief continued detention before trial was warranted in the interest of public safety.

The court relied on its earlier findings that defendant had attempted to flee the scene of his co-defendant's home, that he was not living with his family at the time of his arrest, and that there were allegations of possession of automatic and semi-automatic weapons and pipe bombs "which constitute a substantial danger to the community." The court determined that defendant presents a continuing risk of flight and danger to the community.

We review the district court's order of pretrial detention independently with due deference to the district court's factual findings. United States v. Nichols, No. 95-6223, 61 F.3d 917 (table), 1995 WL 430191 at **1 (10th Cir. July 21, 1995), citing United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991). Once the rebuttal presumption arises under 18 U.S.C. § 3142(e) that no conditions of release will assure defendant's appearance and the safety of the community, the

burden of production shifts to the defendant. The burden of persuasion, of course, always remains with the government. The defendant's burden of production is not a heavy one, but some evidence must be produced. United States v. Stricklin, 932 F.2d at 1354-55; see also United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989).

Here, the district court's finding of dangerousness is amply supported by the record. Moreover, our review of the district court's docket sheet indicates that much of the delay in these proceedings is attributable to both the motions filed by defendant and his changes in counsel. See United States v. Peters, No. 94-2107, 28 F.3d 114 (table), 1994 WL 325419 at *1 (10th Cir. July 7, 1994). While we realize that Mr. Bernhardt has been incarcerated rather a long time, we have also recognized that no case has established an absolute outside limit. United States v. Peters, id., citing United States v. Salerno, 481 U.S. 739, 747 n.4 (1987). Under the circumstances of this case, defendant has failed to establish a due process violation. United States v. McMillan, No. 95-1258, 61 F.3d 917 (table), 1995 WL 430162 at **1 (10th Cir. July 21, 1995).

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM