F I L E D
**United States Court of Appeals
Tenth Circuit**

**JUN 5 1998**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CESAR GONZALES,

Defendant,

and

JASON DELATORRE,

Defendant-Appellant.

No. 98-2089
(D.C. No. CR-95-538-MV)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK**, and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Defendant-appellant Jason DeLaTorre appeals the district court's denial of release pending trial.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), and we affirm.

Defendant stands charged with multiple violations of various drug and weapons laws, racketeering, conspiracy, murder, and attempted murder.  Four other defendants are also charged in the third superseding indictment.  Defendant was incarcerated after his arrest in October of 1995 as both a flight risk and a danger to the community.   See 18 U.S.C. § 3142(e).   The district court recognized that the magistrate judge considered both a flight risk and a danger to the community, although the district court apparently confined its subsequent de novo review and written analysis to flight risk.  See 18 U.S.C. § 3145(b); United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992) (district court reviews magistrate's pretrial detention order de novo), cert. denied, 507 U.S. 940 (1993); United States v. Koenig, 912 F.2d 1190, 1192-93 (9th Cir. 1990) (same).

Following a hearing before the district court, the defendant's motion for pretrial release was denied.  Specifically, the district court determined that defendant was a flight risk and that no condition or conditions of release would adequately assure his presence at trial.   See 18 U.S.C. § 3142 (f-g).  The court

further recognized that although defendant has been in custody a considerable length of time, given the nature of the offenses charged, the weight of the evidence against him, defendant's history and characteristics, and the nature and seriousness of the penalties defendant faces, in "balancing defendant's due process interest with the risk society must accept, . . . the time has not yet come when [defendant's] continued detention arises to a constitutional violation of his substantive due process rights." Appellant's App., Tab A at 11.

Defendant presents two arguments on appeal. He first contends that the district court erroneously invoked the presumption of detention because defendant faces a potential death sentence. He claims that the murder statute, 18 U.S.C. § 1959, is not one of the statutes under which the rebuttable presumption of § 3142(e) arises. Defendant's second argument is that defendant's continued pretrial incarceration, now over two and a half years, violates the Due Process Clause of the Constitution.

We review the district court's order of pretrial detention independently with due deference to the district court's factual findings. United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991). Once the rebuttable presumption arises under 18 U.S.C. § 3142(e) that no conditions of release will assure defendant's appearance and the safety of the community, the burden of production shifts to the defendant. The burden of persuasion, of course, always remains with the

government.  The defendant's burden of production is not a heavy one, but some evidence must be produced.  Id. at 1354-55; see also United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989).

Among other things, defendant is charged with conspiracy to distribute Schedule II controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846; using and carrying firearms in relation to drug trafficking crimes in violation of 18 U.S.C. § 924(I)(1); distribution of controlled substances under 21 U.S.C. § 841(b)(1)(B) and (C); and carrying and using a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and (2).  Under § 3142(e), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required if there is probable cause to believe the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under "the Controlled Substances Act (21 U.S.C. § 801 et seq. ) . . . or an offense under section 924(c) . . . of title 18 . . . ."

The indictment constitutes a determination of probable cause.  See United States v. Stricklin , 932 F.2d at 1354.  Defendant admits that under § 3142(e) "the district court could properly presume that [defendant] presented a risk of flight . . . ." Appellant's Br. at 5.  Moreover, the district court may not ignore the presumption.  See, e.g. , United States v. Cook , 880 F.2d at 1162 (error for district

-4-

court to skip over rebuttable presumption of detention applicable when probable cause to believe defendant has committed crime has been established, likening provisions of § 3148 to § 3142).  The district court's concern that the possibility of a death sentence might heighten the risk of flight is certainly relevant.  See United States v. El-Gabrowny, 35 F.3d 63, 65 (2d Cir. 1994) (no constitutional violation in long pretrial detention where prospect of lengthy term in prison provides great incentive to flee); United States v. Nichols, 897 F. Supp. 542, 547 (W.D. Okla. 1995) (prospect of lengthy prison term, life imprisonment or death penalty provides defendant with great incentive to flee), aff'd, No. 95-6223, 61 F.3d 917 (table), 1995 WL 430191 (10th Cir. July 21, 1996).  The district court also analyzed the factors outlined in § 3142(g) and correctly determined that the government had carried the burden of persuasion on the issue of risk of flight.

Defendant's second argument is that his continued incarceration violates his right to substantive due process.  Here, the district court considered the factors outlined in United States v. Millan, 4 F.3d 1038, 1043 (2d Cir. 1993).  These factors are the length of the detention, the extent of the prosecutor's responsibility for delay of the trial, and the strength of the evidence on which detention is based.  The district court first acknowledged that the defendant had been in custody a long time.  However, she did not find that the government's responsibility for the delay was significant enough to have added "considerable

weight to [d]efendant's claim that the duration of detention has exceeded constitutional limits.'" See Appellant's App., Tab A at 10 (citing United States v. Gonzales-Claudio, 806 F.2d 334, 342-43 (2d Cir. 1986)). Moreover, the district court correctly noted that the defendant could not rely upon his own extensive motion practice to bolster the due process argument. See United States v. Infelise, 934 F.2d 103, 104 (7th Cir. 1991). Finally, the court determined that looking at the evidence on which the detention is based, the flight risk in particular "supports the determination that [defendant's] lengthy detention does not violate due process." This conclusion was supported by her concern that even with strict release conditions, because of the seriousness of the charges and penalties, defendant would flee. See id.

We have noted that "the Supreme Court has not articulated a clear test for determining when pretrial confinement of an accused is permissible under the Due Process Clause." See United States v. Deters, ___ F.3d ___, No. 97-3334, 1998 WL 213675 at *7 (10th Cir. May 1, 1998). However, the government may detain a person suspected of committing a crime before a formal adjudication of guilt based on its "substantial interest in ensuring that persons accused of crimes are available for trials and, ultimately, for service of their sentences, or that confinement of such persons pending trial is a legitimate means of furthering that interest." See Bell v. Wolfish, 441 U.S. 520 534 (1979); United States v. Salerno,

481 U.S. 739, 749 (1987) (acknowledging holding in Bell v. Wolfish that "an arrestee may be incarcerated until trial if he presents a risk of flight").  Although each case turns on its own facts and circumstances, we note that this court has upheld pretrial incarceration of up to thirty-four months, albeit in a disposition that is not binding precedent, see 10th Cir. R. 36.3 (current policy on citation of unpublished dispositions).  See United States v. Peters, 28 F.3d 114 (table), No. 94-2107, 1994 WL 325419 (10th Cir. July 7, 1994), cert. denied, 513 U.S. 1006 (1994).

In sum, the district court  balanced the competing interests and weighed the release conditions proposed by defendant before concluding no conditions would adequately ensure defendant's presence at trial.  We have reviewed the record and arguments presented by the parties; defendant is not entitled to pretrial release.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.  Defendant-appellant's motion to strike portions of Plaintiff-appellee's memorandum brief is DENIED.

ENTERED FOR THE COURT
PER CURIAM