**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOE WILLIE HIGHTOWER,

Defendant-Appellant.

No. 00-1002
(D.C. No. 98-CR-433-2-WM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **BRORBY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Joe Willie Hightower appeals the district court's denial of release pending trial. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), and we affirm.

We review the district court's decision requiring pretrial detention independently, with due deference to the court's factual findings. See United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991). Once the rebuttable presumption arises under § 3142(e) that no conditions of release will assure the safety of the community, the burden of production shifts to the defendant. This is not a heavy burden, but some evidence must be produced. The burden of persuasion regarding danger to the community always remains with the government. See id. at 1354-55; see also United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989).

Defendant stands charged in a multi-count, multi-defendant indictment with conspiracy to manufacture, distribute and possess with intent to distribute Schedule II controlled substances, possession with intent to distribute a Schedule II controlled substance, and possession of a firearm by a felon. He has been incarcerated pending trial since November of 1998. Defendant has challenged his continued detention on four occasions. The district court has entered several orders, finding each time that based on the penalties he faces for the charged

offenses, a rebuttable presumption exists that he is a danger to the community. See 18 U.S.C. § 3142(e). Defendant is not considered to be a flight risk.

Following the first hearing (on the government's motion for revocation of a release order granted by the magistrate judge), the district court reviewed the evidence, which included various links to drug activities, and the discovery, during a search of defendant's residence, of large amounts of cash, a loaded semi-automatic pistol, and keys to a vehicle containing drugs. Pretrial Services reported three prior felony convictions, including manslaughter and possession of a controlled substance, and noted that defendant was on bond pending trial or disposition of state charges for possession of a firearm by a felon. The court ultimately concluded that defendant had failed to rebut the presumption that he posed a threat to the community. See Appellee's Br., Addendum B.

After the government filed a superceding indictment (which added the weapon possession charge), defendant again moved for release, alleging, *inter alia*, financial and family hardships, good behavior while incarcerated, and a proffered explanation of the cash found at his residence. The court conducted a second hearing, at which defendant produced character evidence of friends, neighbors, and relatives, and the government produced additional evidence in support of its opposition to release. The court again denied release upon

determining that the factors to be considered under 18 U.S.C. § 3142(g)[1] now weighed even more heavily in favor of detention.  See Appellant's App. at 202-205.  Specifically, the court noted that defendant's "threat to the community is not simply his prior conviction of manslaughter and his repeated possession of firearms," but also the risk that defendant would continue to engage in drug activity.  Id. at 205; see also Cook, 880 F.2d at 1161 (recognizing Senate Judiciary Committee's emphasis that the risk of a defendant continuing to engage in drug trafficking constitutes danger to safety of any other person or community).  Defendant's motion to reconsider was also denied.  See Appellant's App. at 259.

Defendant filed his third application for release in September of 1999, alleging that the government had made material misrepresentations during the wiretap application process, thus tainting the government's case.  See id. at 263-268.  This motion was denied.  See id. at 276.

On November 22, 1999, following hearings held over the course of several months, the district court granted defendants' motions to suppress the evidence obtained as the result of several wiretaps.  See id. at 293.  The focus of the court's ruling was that the government had failed to demonstrate a necessity for

---

[1]     These factors involve the nature and circumstances of the offense, including whether the offense is one of involving violence or narcotics; the weight of the evidence; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or the community.

the wiretaps, specifically that standard investigative procedures could and should have been pursued prior to obtaining the wiretaps. See id. at 280-294. The government has appealed the suppression order, our No. 99-1565.

Defendant then filed his latest application for release, arguing that as a result of the suppression order, there is little or no admissible evidence remaining against him. The district court determined that the suppressed evidence could be considered for detention purposes pending this court's final decision on the suppression order. Although defendant did not specifically claim that his continued incarceration was per se unconstitutional, he did recite that he had been incarcerated for over a year. We are also mindful that, because of the government's appeal of the suppression order, there is no current trial date set.

We are mindful that our ultimate ruling on the validity of the district court's suppression order may have a bearing on the issue of pretrial detention; until the validity of that order has been decided, however, we consider the facts sought to be suppressed as if admissible. See 18 U.S.C. § 3142(f) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."). Moreover, the government sought and was granted an expedited appeal of the matter. That the weight of the evidence presently may not be as strong as when defendant's earlier motions for release were denied does not suggest the district court's findings in

support of defendant's dangerousness to the community has changed. These findings are not clearly erroneous. See United States v. Kinslow, 105 F.3d 555, 557 (10th Cir. 1997) (acknowledging requirement of "accepting the district court's findings of historical fact which support that decision, unless they are clearly erroneous").

We recognize that defendant has been incarcerated for some time. However, the Supreme Court has not specified a precise point at which pretrial detention becomes excessively prolonged, and therefore, punitive. See United States v. Salerno, 481 U.S. 739, 747 n.4 (1987). Indeed, this court has upheld much longer periods of pretrial incarceration. See, e.g., United States v. Gonzales, No. 98-2089, 1998 WL 321218 (10th Cir. June 5, 1998) (unpublished order and judgment) (thirty-two months); United States v. Bernhardt, No. 97-1391, 1997 WL 770953 (10th Cir. Dec. 16, 1997) (unpublished order and judgment) (nineteen months); United States v. Peters, No. 94-2107, 1994 WL 325419 (10th Cir. July 7, 1994) (unpublished order and judgment) (thirty-four months). Under the circumstances of this case, there is no substantive due process violation.

The judgment of the United States District Court for the District of

Colorado is AFFIRMED.  Defendant's request for oral argument is DENIED.


                                            ENTERED FOR THE COURT
                                            PER CURIAM