UNITED STATES of America,

v.

Melvin T. KNIGHT, Defendant.

CRIM. No. 01–0016(PLF).

United States District Court, District of Columbia.

Aug. 3, 2001.

Danny C. Onorato, Assistant U.S. Attorney, Washington, DC, for government.

Robert W. Mance, Washington, DC, for defendant.

## *MEMORANDUM OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.

The defendant has moved to dismiss the indictment and to modify the conditions of his release based on alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* Upon consideration of the arguments of the parties in their briefs and at the motions hearing, the Court denies defendant's motion to dismiss and his motion to modify conditions of release.

## I. BACKGROUND

Defendant Melvin Knight was arrested on December 21, 2000, appearing before Magistrate Judge John M. Facciola that same day. On December 27, 2000, Judge Facciola held a preliminary hearing in which he determined that the government had probable cause to arrest Mr. Knight; he also issued a detention memorandum ordering that defendant remain in custody. Mr. Knight has been in custody continuously since the date of his arrest.

On January 18, 2001, a grand jury returned a two count indictment charging Mr. Knight with unlawful distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and unlawful distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). On January 25, 2001, defendant was arraigned on this indictment before Judge Royce C. Lamberth to whom the case was originally assigned. Just before the arraignment, the prosecutor assigned to the case, Danny Onorato, spoke with defense counsel, Robert Mance, regarding Mr. Onorato's belief that Mr. Mance had a potential conflict of interest that would prevent him from representing Mr. Knight in this matter. Both counsel agreed that Mr. Onorato would refrain from filing a motion to disqualify defense counsel until after Mr. Mance had the opportunity to consider the matter and determine for himself whether there was a potential conflict. This understanding was communicated to Judge Lamberth at the January 25 arraignment.

Judge Lamberth scheduled a status conference for February 6, 2001. At the February 6 status conference, Mr. Mance represented that he had not resolved the conflict issue, so an additional status conference was scheduled for February 13, 2001. At the February 13 status confer-

ence, Mr. Mance indicated that he still had not been able to resolve the issue. On the same day, he filed a motion for reconsideration of defendant's bond.

The parties appeared again before Judge Lamberth on February 16, 2001, at which time Judge Lamberth denied defendant's motion for reconsideration of bond. On that day, Mr. Mance conveyed to the Court his belief that he had no conflict or potential conflict of interest and that he would be able to represent Mr. Knight. The prosecutor disagreed and indicated that he would file a motion to disqualify Mr. Mance. The motion to disqualify was filed two weeks later, on March 2, 2001. Mr. Mance filed an opposition on March 12, 2001. Judge Lamberth heard argument on the motion on March 13 and took the matter under advisement.

On June 4, 2001, the case was randomly reassigned by the Calendar Committee from Judge Lamberth to the undersigned. Three days later, on June 7, 2001, defendant filed a motion to dismiss the indictment based on the government's alleged violation of the Speedy Trial Act and a motion for reconsideration of his bond, also based on asserted Speedy Trial Act violations. On July 6, 2001, the Court issued a memorandum opinion and order under seal denying the motion to disqualify Mr. Mance as defense counsel. On July 12, 2001, the Court heard argument on the motion to dismiss and for reconsideration of bond and took the matter under advisement.

## II. DISCUSSION

### A. Motion to Dismiss

Because defendant has not been brought to trial within the time specified by the Speedy Trial Act, he contends that the indictment must be dismissed. The Act provides that

the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Because Mr. Knight's first appearance before Magistrate Judge Facciola occurred before the indictment was returned, the date of the filing of the indictment, January 18, 2001, is the relevant starting point for the Court's analysis. *See United States v. Richmond,* 735 F.2d 208, 211 (6th Cir. 1984); *United States v. Carrasquillo,* 667 F.2d 382, 384 (3d Cir.1981).

The parties agree that when the defendant filed the motion to dismiss on June 7, 2001, the speedy trial clock stopped, and they also agree that certain periods of delay may be excluded from the Court's calculations under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h). The parties agree that three days should be excluded to account for the time between February 13, 2001 (when the motion for reconsideration of bond was filed) and February 16, 2001 (when Judge Lamberth denied the motion) and that 11 days should be excluded between March 2, 2001 (when the motion to disqualify counsel was filed) and March 13, 2001 (the date of the hearing on the motion). *See* 18 U.S.C. § 3161(h)(1)(F). They also agree that after Judge Lamberth took the motion to disqualify under advisement following the motions hearing, an additional 30 days should be excluded from the speedy trial calculation. *See* 18 U.S.C. § 3161(h)(1)(J). Excluding these 44 days from the speedy trial calculation, 96 days had elapsed when defendant's motion to dismiss was filed on June 7 (again tolling the Speedy Trial Act),

and defendant therefore argues that the Speedy Trial Act has been violated by the government.

■ The Court concludes, however, that there are additional periods of delay that should be excluded from the speedy trial calculation. The Court may exclude an additional 14 days from February 16, 2001 (when Mr. Mance informed Judge Lamberth and the government that he believed he had no potential conflict) to March 2, 2001 (when the government filed its motion to disqualify). Under the case law, the Court has discretion to exclude time from speedy trial calculations when the period of delay is attributable to the preparation of pretrial motions, and a two-week delay between the time when it first becomes apparent that a motion is required and the actual filing of the motion is not excessive. *See United States v. Wilson,* 835 F.2d 1440, 1444 (D.C.Cir.1987). Relying on a footnote in a decision of the Supreme Court, defendant contends that preparation time for pretrial motions should only be excluded if the motion involves a novel question of law. *See Henderson v. United States,* 476 U.S. 321, 327 n. 8, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986) (*quoting* S.Rep. No. 96–212, at 33–34 (1979)). At best, this footnote in *Henderson* is dicta and, when viewed in the full context of the legislative history, it supports the exclusion of these days in this case: "[I]n routine cases, preparation time should not be excluded where the questions of law are not novel and the issues of fact simple." *Id.* Having considered and resolved the motion to disqualify counsel, the Court knows that this aspect of the case was not routine and the factual issues were not simple. Thus, these 14 days also

will be excluded, resulting in a total of 82 days—not 96 days—of elapsed time under the Speedy Trial Act.

■ Finally, the Court concludes that all 19 days between January 25, 2001 and February 13, 2001 should be excluded since during this period of time, Mr. Onorato agreed not to file a motion to disqualify because Mr. Mance was evaluating whether he had a potential conflict.[1] At the motions hearing before the undersigned, Mr. Mance acknowledged that he had such an agreement with Mr. Onorato. While not expressly conceding the point, Mr. Mance agreed that it would be reasonable to exclude the time between January 25, 2001 and February 6, 2001 (the date of the first status conference before Judge Lamberth). *See United States v. Wilson,* 835 F.2d at 1444 (court may exclude preparation time in its sound discretion, especially where it was defendant who requested the extra preparation time); *see also United States v. Mejia,* 82 F.3d 1032, 1035–36 (11th Cir.1996). Excluding these 12 days from the Court's calculation brings the total number of elapsed days to 70.

The Court also concludes that the seven days between February 6, 2001 and February 13, 2001 should be excluded from the speedy trial calculations. Mr. Knight argues that these days should not be excluded because this brief period of delay was the fault of the government. Defendant contends that prior to the February 6 status conference Mr. Mance had planned to meet with another Assistant United States Attorney who had information that might have assisted Mr. Mance in resolving his conflict of interest question. According to Mr. Mance, the meeting did not take place before February 6 only because of the

---

1. Actually, the relevant time period ends on February 16 (when Mr. Mance concluded that he had no conflict). Because the time between February 13 and February 16 already is excluded, however, the Court only needs to decide whether the time between January 25 and February 13 is excludable on this theory for speedy trial purposes.

Assistant's schedule and that these days therefore should be counted against the government. At the hearing, the government disputed this version of the facts.

Without resolving the factual dispute between the parties and assigning fault to either, the Court concludes that these days are properly excluded under Section 3161(h). This period of time must be viewed in the context of the agreement between Mr. Mance and Mr. Onorato to try to reach a resolution of the potential conflict of interest question. The government was operating in good faith, agreeing to postpone filing a motion to disqualify until defense counsel could resolve whether he had a potential conflict. Mr. Mance also took appropriate steps to resolve the issue, reviewing his files and consulting with colleagues about this issue. There is no suggestion that the government intentionally was delaying, and the facts proffered by counsel demonstrate that the parties put forth an honest effort to deal with the issue without litigation. In light of the acknowledged agreement between the prosecutor and defense counsel, the good faith of both parties and the discretion vested in the Court, these seven days also are excluded. Thus, with the exclusion of a total of 77 days, only 63 days have elapsed for Speedy Trial Act purposes. Under the 70–day statutory time frame, there is no basis for dismissal of the indictment on speedy trial grounds, and the Court therefore denies defendant's motion to dismiss.[2]

*B. Motion for Reconsideration of Bond*

■ The Speedy Trial Act also provides that the trial of a person held in detention solely because he is awaiting trial "shall commence not later than ninety days following the beginning of such continuous detention." *See* 18 U.S.C. § 3164(b). A violation of this provision requires that the defendant be released from custody. *See* 18 U.S.C. § 3164(c). The excludable periods of delay enumerated in Section 3161(h) apply to calculations made under Section 3164. *See* 18 U.S.C. § 3164(b). Under this analysis, the starting date for the 90–day time clock of Section 3164 is December 21, 2001, the date of Mr. Knight's arrest, and this clock also stopped running on June 7, 2001 when defendant filed his motions to dismiss and for reconsideration of bond. Applying the same excludable period of delay—77 days—that the Court found with respect to Section 3161, *see supra* at 4–7, it appears that 91 days have elapsed since December 21 for speedy trial purposes.

Even though the Speedy Trial Act clock has been exceeded by only one day, the defendant's continued detention would appear to violate Section 3164(b), which would seem now to require his release from custody. Under Section 3164(c), any such release, of course, may include stringent conditions placed on the terms of the release under the Bail Reform Act, 18 U.S.C. § 3142(c). *See United States v. Theron*, 782 F.2d 1510, 1516–17 (10th Cir. 1986); *United States v. Ojeda Rios*, 846 F.2d 167 (2d Cir.1988).

There are two matters that give the Court pause in considering the release of the defendant pursuant to 18 U.S.C. § 3164(c): first, the Speedy Trial Act violation in this case is *de minimis*—only one day beyond the statutory 90–day period, and, second, most of the delay in this case is attributable not to the government but to Judge Lamberth. It also may be rele-

---

**2.** The resolution of this motion does not restart either the 70–day time clock because there remains an outstanding motion regard-

ing the introduction of Rule 404(b) evidence. See 18 U.S.C. § 3161(h)(1)(F).

vant that trial is currently scheduled to begin on September 10, 2001 at 10:00 a.m. The Court and the government would have been able to begin trial on an earlier date, but defense counsel indicated that he is not available for trial until late August.[3] The government has not had the opportunity to address these issues and to advise the Court whether there is any construction of the statute or any relevant case law that would authorize continued detention. Nor has the government had an opportunity to suggest to this Court what conditions of release are appropriate if the Court releases the defendant from custody.

Accordingly, it is hereby

ORDERED that the defendant's motion to dismiss the indictment is DENIED; and it is

FURTHER ORDERED that on or before August 13, 2001 the government shall provide a supplemental memorandum with respect to the motion for reconsideration of bond addressing the issues identified by the Court. The defendant shall respond as soon as feasible and the Court will decide the matter promptly. Counsel shall indicate in their papers whether they believe a hearing is necessary.

SO ORDERED.

---

**3.** Because this period of delay is attributable to defendant and is necessary for the preparation of an adequate defense and to assure the availability of counsel, this time would be excluded regardless of the pending Rule 404(b) motion. *See* 18 U.S.C. § 3161(h)(8)(B)(iv).