**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 11 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

MARTIN PINA-ABOITE,

　　　　Defendant-Appellant,

　　and

RAUL DEL ROSARIO SEPULVEDA,

　　　　Defendant.

No. 04-2055
(D.C. No. CR-03-1097 JC)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Martin Pina-Aboite appeals the district court's order of continued detention pending appeal by the government of the court's order granting defendant's motion to suppress. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), and we affirm.

I.

Mr. Pina-Aboite and his co-defendant, Mr. Sepulveda,[1] were arrested in May 2003 after a police officer turned a routine traffic stop into a search of the car, which ultimately resulted in the seizure of ten pounds of methamphetamine. After the arrest, Mr. Pina-Aboite was ordered detained pending trial. Mr. Pina-Aboite did not contest this detention and it is not the subject of this appeal. On June 11, 2003, Mr. Pina-Aboite was indicted and charged with conspiracy to possess with intent to distribute over 500 grams of methamphetamine, in violation of 21 U.S.C. § 846, and with the substantive offense, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).

During the pre-trial process, Mr. Pina-Aboite filed a motion to suppress the evidence arguing that it was found as the result of an unconstitutional search and seizure. The court granted the motion. The government moved for

---

[1] Mr. Sepulveda has not appealed the detention order.

-2-

reconsideration, which the court granted. Mr. Pina-Aboite then moved for reconsideration, and the district court ultimately went back to its original ruling and granted the motion to suppress. The government appealed the suppression order.

The district court then held a hearing on the issue of Mr. Pina-Aboite's release pending appeal. After the hearing, the court ordered the continued detention of Mr. Pina-Aboite pending appeal because it found that there was "a serious risk that [Mr. Pina-Aboite] would flee and that no condition or set of conditions could reasonably assure [Mr. Pina-Aboite's] future appearance before the Court." Aplt. App., Ex. H.

II.

An appeal from a detention order pending a government appeal is controlled by 18 U.S.C. §§ 3143. That statute provides that a court should treat a defendant in this situation according to § 3142. *See* 18 U.S.C. § 1343(c). Accordingly, the district court was obligated to detain defendant if it found that no "condition or combination of conditions [would] reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

Section 3142(e) includes a rebuttable presumption in favor of detention if certain criteria are met. The relevant portion of the statute states:

-3-

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . .

18 U.S.C. § 3142(e). In this case, the district court found that the rebuttable presumption applied.

The burden of production on the defendant to overcome the presumption is not a heavy one, but the defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991). Even if the presumption is overcome, the presumption remains a factor in the district court's detention decision. Ultimately, the burden of persuasion is always on the government. *Id.* Mr. Pina-Aboite did produce some evidence to overcome the presumption, which led the court to consider the factors in § 3142(g) to complete his detention determination.

The § 3142(g) factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

We review *de novo* mixed questions of law and fact concerning the detention decision. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). We review the district court's findings of fact for clear error. *Id.*

## A.

Mr. Pina-Aboite argues on appeal that the district court should not have considered the evidence that it suppressed when determining whether the rebuttable presumption in § 3142(e) applies and when determining whether the weight of the evidence favored Mr. Pina-Aboite or the government, *see* § 3142(g)(2).

The district court applied the presumption in favor of detention in § 3142(e). Mr. Pina-Aboite argues that this was error because there is no admissible evidence to support a probable cause finding because of the suppression order. The probable cause determination, however, was made when Mr. Pina-Aboite was initially indicted. The grand jury indictment of Mr. Pina-Aboite is sufficient to establish probable cause that he has committed a federal drug offense carrying a maximum prison term of ten years or more. *See United States v. Stricklin,* 932 F.2d 1353, 1355 (10th Cir. 1991). Mr. Pina-Aboite confuses the district court's ruling on the admissibility of evidence at trial with the determination that there was probable cause that he committed the offense.

The suppression order does not impact the probable cause determination, and the district court properly applied the presumption.

Under § 3142(g)(2), the district court must consider the weight of the evidence against the person as a factor in the detention determination. The district court found that the weight of the evidence was overwhelmingly against Mr. Pina-Aboite and it reached this conclusion by considering the evidence of the seized drugs as if it had not been suppressed. Mr. Pina-Aboite argues that it was improper for the court to consider this evidence. In a detention hearing, the district court is permitted to consider the evidence sought to be suppressed as if it were admissible. *See* 18 U.S.C. § 3142(f) ("The rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing."). The district court did not err in considering the suppressed evidence and in finding that the weight of the evidence was against Mr. Pina-Aboite.

B.

Mr. Pina-Aboite argues that the district court erred because it relied on his alleged deportable status without considering his individual circumstances under § 3142(g)(3)(A). Mr. Pina-Aboite asserts that he presented evidence that he has a long work history in Nebraska, that he has no criminal history, and that he was willing to be released to a halfway house in Albuquerque. The court considered

-6-

these circumstances, *see* Aplt. App., Ex. G at 7, but ultimately found that the fact that Mr. Pina-Aboite was an illegal alien, who was likely to flee to Mexico if released, outweighed any other individual circumstances that Mr. Pina-Aboite presented. *See id.* at 10. The district court's finding on this factor was not clearly erroneous.

C.

Mr. Pina-Aboite argues that considering all of the § 3142(g) factors, there are conditions of release that will reasonably assure the appearance of Mr. Pina-Aboite as required, contrary to the district court's finding. The record, however, supports the district court's determination.

First, Mr. Pina-Aboite is charged with a serious drug offense involving ten pounds of methamphetamine. Second, as the district court found, the evidence of Mr. Pina-Aboite's guilt is overwhelming. Third, Mr. Pina-Aboite is in this country illegally and, although he may have a long work history in Nebraska, he has no ties to New Mexico, the state in which he would be released. Finally, the danger-to-the-community factor is not simply about physical violence; the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the community. *See United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989).

III.

Because the record supports the district court's findings and there is no legal error, we AFFIRM the judgment of the district court. The underlying appeal in this matter, No. 04-2036, *United States v. Pina-Aboite*, will be expedited. Case No. 04-2036 will be set for oral argument on the next available calendar. The clerk will notify counsel as early as possible of the date and time for the oral argument setting.

ENTERED FOR THE COURT
PER CURIAM