UNITED STATES of America, Plaintiff–Appellant,

v.

Robert Douglas COOK, Defendant–Appellee.

No. 89–1093.

United States Court of Appeals, Tenth Circuit.

June 22, 1989.

---

Michael J. Norton, Acting U.S. Atty., and Kathryn Meyer, Asst. U.S. Atty., Denver, Colo., for plaintiff-appellant.

Scott H. Robinson of Gerash, Robinson and Miranda, P.C., Denver, Colo., for defendant-appellee.

Before ANDERSON, SETH, and TACHA, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is taken from the denial of the government's motion brought pursuant to 18 U.S.C. § 3148 to revoke defendant's release pending appeal.

Defendant was convicted of one count of possession with intent to distribute in excess of 500 grams of cocaine. 21 U.S.C. § 841(a)(1) and (b)(1)(B). He was sentenced to ten years' imprisonment to be followed by a term of eight years' supervised release. Following sentencing he was released on bond during the pendency of the appeal, which is our No. 88–2930.

Two months later, defendant was arrested by Denver police officers on charges of possession of cocaine. He has since been charged with a Class 3 felony under state law. This arrest and charge forms the basis for the government's motion to revoke release.

The district judge conducted a hearing on the motion at which the government presented testimony of the arresting officer and a detective. The former testified to the events surrounding the stopping of defendant's vehicle and the subsequent discovery of the cocaine. The latter testified to an arranged purchase of cocaine from defendant by a government informant and

**1160**

the subsequent establishment of the controlled substance as cocaine. The defendant presented no evidence. The district court then continued bond pending appeal.

■ We have recently held that appellate review of detention or release orders is plenary, at least as to mixed questions of law and fact, and independent, with due deference accorded to the trial court's purely factual findings. *United States v. Montalvo–Murillo*, 876 F.2d 826, 830 (10th Cir. 1989).

In this case the questions involve the appropriate determinations required under § 3148(b) and specifically whether the district court erred in failing to consider the language creating a rebuttable presumption, once probable cause is established, that no condition or conditions will assure that the defendant will not pose a danger to the safety of others or the community.[1]

■ The district court found there was probable cause to believe that defendant was in possession of cocaine (and thus presumably that a crime had been committed under state or local law). This finding is not disputed and satisfies the first requirement for revocation of release under § 3148(b)(1)(A). We agree with the Second Circuit's reasoning that "probable cause under § 3148(b)(1)(A) requires only that the facts available to the judicial officer 'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while on bail." (Citation omitted.) *United States v. Gotti*, 794 F.2d 773, 777 (2d Cir.1986).

The court then proceeded to consideration of the factors outlined in § 3142(g), although without elaboration, and continued defendant's bond.[2]

---

1. Section 3148 reads as follows:

**§ 3148. Sanctions for violation of a release condition**

**(a) Available sanctions.**—A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.

**(b) Revocation of release.**—The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention, if, after a hearing, the judicial officer—
(1) finds that there is—
(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that—
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a

danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.
If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provision of section 3142 of this title and may amend the conditions of release accordingly.
**(c) Prosecution for contempt.**—The judicial officer may commence a prosecution for contempt, under section 401 of this title, if the person has violated a condition of release.
(Added Pub.L. 98–473, Title II, § 203(a), Oct. 12, 1984, 98 Stat.1983, and amended Pub.L. 99–646, § 55(a), (h), Nov. 10, 1986, 100 Stat. 3607, 3610.)

2. The pertinent interchange between the court and counsel is as follows:
THE COURT: Very well. I'll hear from the government. I understand probably (sic) cause for possession of cocaine, but I don't see the basis for revoking the bond.
MS. MEYER (government counsel): Your Honor, according to the statute, there is a rebuttable presumption once probable cause is found that no condition or combination of conditions will assure that the defendant will not pose a danger to the—to others.

In its report accompanying the Comprehensive Crime Control Act of 1984, Senate Report No. 98–225, reprinted in 1984 U.S. Code Cong. & Ad. News, pp. 3182, *et seq.,* the Senate Committee on the Judiciary explained at length the concept of pretrial detention as provided under § 3142(e). The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community "refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *Id.* at 3195. The Committee also emphasized that "the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'" (Footnote omitted.) *Id.* at 3196. *See also United States v. Strong,* 775 F.2d 504, 506–07 (3d Cir.1985) (Congress equated drug trafficking with danger to community).

The Committee in addressing the § 3148 sanction provision explained its reasoning for rejecting the Department of Justice's recommendation that revocation of release be required if the person has committed another serious crime while on release:

> In testimony before the Committee, the Department of Justice recommended that revocation of release be required if the person committed another serious crime while on release. (Footnote omitted.) The commission of a serious crime by a released person is plainly indicative of his inability to conform to one of the most basic conditions of his release, i.e. that he abide by the law, and of the danger he poses to other persons and the community, factors which section 3148 recognizes are appropriate bases for the revocation of release. Nonetheless, there may be cases in which a defendant may be able to demonstrate that, although there is probable cause to believe that he has committed a serious crime while on release, the nature or circumstances of the crime are such that revocation of release is not appropriate. Thus, while the Committee is of the view that commission of a felony during the period of release generally should result in the revocation of the person's release, it concluded that the defendant should not be foreclosed from the opportunity to present to the court evidence indicating that this sanction is not merited. However, *the establishment of probable cause to believe that the defendant has committed a serious crime while on release constitutes compelling evidence that the defendant poses a danger to the community, and, once such probable cause is established, it is appropriate that the burden rest on the defendant to come forward with evidence indicating that this conclusion is not warranted in his case.* Therefore; the Committee has provided in section 3148(b) that if there is probable cause to believe that the person has committed a Federal, State, or local felony while on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. (Emphasis added.)

While there is considerable literature discussing the requirements of proof and the effect of the rebuttable presumption under the pretrial detention provisions of § 3142,

THE COURT: Yeah. What is the danger?

MS. MEYER: Your Honor, he's on the street selling cocaine.

THE COURT: He's on the street in an automobile with cocaine found in his possession.

MS. MEYER: And he has sold cocaine to Antoinette Ulibarri.

THE COURT: That's not proved.

MS. MEYER: Your Honor, the standard in this court is probable cause, and I believe that the government —

THE COURT: It's probable cause that there's a violation, but you go to 3142(g) and the factors to be considered. It isn't just because there's a violation that that's an automatic danger. If everybody in the City and County of Denver with a deck of cocaine in the car is going to go to prison, there's going to be a hell of a lot of people in prison. I'll attach an additional condition to his bond; that he submit to the ARC program and be evaluated for cocaine usage. Do you object to that?

MR. ROBINSON (defense counsel): No, Your Honor.

THE COURT: All right. We'll add that condition. The bond will continue. The Court's in recess.

there has been little judicial interpretation of the revocation section, § 3148.

As noted earlier, the district court determined that there was probable cause to believe that defendant had committed a crime while on release under § 3148(b)(1)(A). The court then proceeded to § 3148(b)(2) and apparently determined the converse of (b)(2)(A), *i.e.*, that there were conditions of release that would assure that defendant would not flee or pose a danger. In so doing, the court completely skipped over the rebuttable presumption of detention applicable when probable cause to believe defendant has committed a crime has been established. This was error.

■ We hold that when the government seeks an order of revocation on the ground that defendant has committed a felony while on release:

> § 3142 does not come into play *unless and until the* judicial officer finds under § 3148(b)(2)(B) that the *defendant has overcome the statutory rebuttable presumption* and concludes "that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions.... This is not such a case.

*United States v. McKethan*, 602 F.Supp. 719, 722 (D.D.C.1985). (Emphasis added.)

Once the presumption arises, the ball is in the defendant's court, *United States v. Inserra*, 1989 WL 49774, 1989 U.S. Dist. LEXIS 5097 (N.D.N.Y. May 9, 1989), and it is incumbent on the defendant to come forward with some evidence to rebut the presumption. *Cf. United States v. Davis*, 845 F.2d 412, 415 (2d Cir.1988) (in providing that rebuttable presumption arises upon finding of probable cause, § 3148 assumes defendant will be given opportunity to present evidence against presumption).

At this point cases interpreting the rebuttable presumption provision in § 3142 are analytically apposite. Once the presumption under that section comes into play, the burden of production, but not persuasion, shifts to the defendant. *See*

*United States v. King*, 849 F.2d 485, 488 (11th Cir.1988); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir.1985); *United States v. Hurtado*, 779 F.2d 1467, 1478 (11th Cir.1985). The burden of production is not heavy, *United States v. Dominguez*, 783 F.2d at 707, but in order to rebut the presumption, the defendant must produce some evidence. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir.1985).

■ We see no reason the burden of production should not also apply to the rebuttable presumption in § 3148(b). *See United States v. Jessup*, 757 F.2d at 381–82 (comparing Senate Judiciary Committee explanations of §§ 3142(e) and 3148). We also agree with the reasoning of the *Jessup* court that once the burden of production is met, the presumption does not disappear, but rather remains as a factor for consideration in the ultimate release or detention determination. *United States v. Jessup*, 757 F.2d at 383–84; *see also United States v. King*, 849 F.2d at 488; *United States v. Dominguez*, 783 F.2d at 707; *United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir.1985).

■ We further suggest, since the government may also appeal release decisions under § 3145(c), that district courts furnish a brief statement of reasons for granting release or for denying a motion to revoke release. Such a statement would greatly facilitate our review of these determinations.

For the reasons set forth, the district court's denial of the government's motion to revoke release is reversed, and the matter is remanded for further proceedings. Further, the district court is ordered to revoke defendant's order of release forthwith.

REVERSED and REMANDED.

The mandate shall issue forthwith.