**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MICHELLE REULET,

     Defendant - Appellant.

No. 16-3208
(D.C. No. 5:14-CR-40005-DDC-3)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **EBEL**, and **BACHARACH**, Circuit Judges.
_____

     Michelle Reulet appeals the district court's order denying her Motion to Set

Aside Detention Order. Exercising jurisdiction under 28 U.S.C. § 1291 and

18 U.S.C. § 3145, we affirm the district court's order.

     Reulet is charged with numerous felonies involving possession and

distribution of analogue and counterfeit drugs, mail fraud, money laundering, and

obstruction of justice. Michael Myers, her former boyfriend, is a co-defendant in the

same criminal case. Reulet was initially released pending trial, subject to conditions

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

including prohibitions against committing other crimes and the excessive use of alcohol. After an incident that involved her drinking excessively with Myers, she consented to modify her conditions of release, adding a prohibition against *all* use of alcohol. At 11:10 p.m. on May 12, 2016, a police officer stopped Reulet for speeding. After she failed roadside sobriety tests, she was arrested and charged with driving while intoxicated. Based on that arrest, her probation officer sought an order for Reulet to show cause why her release should not be revoked. Six days after her drunk-driving arrest, Reulet tested positive for alcohol during a routine drug and alcohol screening.

A magistrate judge held a hearing to consider whether Reulet's conditions of release should be revoked under 18 U.S.C. § 3148. The parties agreed that she had to overcome a rebuttable presumption, due to the controlled substances offenses charged in the indictment, that no condition or combination of conditions would reasonably assure the public's safety. *See* 18 U.S.C. § 3142(e)(3)(A). The magistrate judge ordered Reulet detained after finding it was unlikely that she would abide by any conditions of release that would reasonably assure she would not pose a danger to the community. Reulet sought de novo review of the magistrate judge's detention order by the district court. Additional evidence at the second hearing included a laboratory report showing that Reulet's blood alcohol level after her arrest on May 12 was .141. The district court upheld the magistrate judge's order, concluding that it could not trust Reulet to abide by any protective conditions that the court might impose. It found that:

2

Ms. Reulet has violated the court's alcohol conditions on a serial basis since 2015. And she has worked hard to conceal (or try to conceal) her violations. These measures include relatively sophisticated measures, *i.e.*, ordering restaurant workers to bring her alcohol in opaque glassware so as to hide her public alcohol consumption. The Court draws three logical inferences from her conduct. One, Ms. [Reulet] has the capacity to understand what this restriction forbids. Two, she purposefully will dishonor it. And three, she will enlist others, if necessary, to help her circumvent the alcohol restriction. Ms. Reulet's actions also have included far less sophisticated measures to conceal her disobedience. The unchallenged evidence here shows that Ms. Reulet lied many times to Officer Rodriguez [when she was arrested on May 12, 2016], telling him— despite objective evidence to the contrary—that she had not had anything to drink. It also shows that she simply will refuse to comply with lawful requests to test her compliance. In sum, the Court finds that Ms. Reulet is unlikely to abide by any condition or combination of conditions of release that the court might impose on her.

Aplt. App., Vol. II at 367 (internal quotation marks omitted).

"[A]ppellate review of detention or release orders is plenary, at least as to mixed questions of law and fact, and independent, with due deference accorded to the trial court's purely factual findings." *United States v. Cook*, 880 F.2d 1158, 1160 (10th Cir. 1989). Thus, we accept the district court's findings of historical fact in support of a detention order unless they are clearly erroneous. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).

If a defendant violates the conditions of her release pending trial, she is subject to sanctions as set forth in 18 U.S.C. § 3148(a). Following a hearing, the district court may revoke the defendant's release and enter a detention order if the court makes the findings required under § 3148(b). First, the court must find either (1) "probable cause to believe that the person has committed a Federal, State, or local crime while on release," or (2) "clear and convincing evidence that the person has

3

violated any other condition of release." *Id.* § 3148(b)(1)(A)-(B). In addition, the court must find *either* (1) "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community," *or* (2) "the person is unlikely to abide by any condition or combination of conditions of release." *Id.* § 3148(b)(2)(A)-(B).

Reulet does not challenge the district court's findings under § 3148(b)(1) that there was probable cause to believe she had committed multiple state or local crimes while on release, as well as clear and convincing evidence that she repeatedly violated the alcohol-related conditions of her release. She instead focuses her argument on the court's findings under § 3148(b)(2). Reulet first argues that the district court erred in finding under subsection (b)(2)(A) that there were no release conditions it could impose that would keep the community safe. She contends that the court erred because it failed to consider whether alcohol treatment, in combination with other conditions of release, could assure the public's safety. We need not address this contention because the district court also found, under subsection (b)(2)(B), that Reulet is unlikely to abide by any release conditions it might impose. Regarding that finding, Reulet contends that the court speculated in concluding that she would circumvent an alcohol-detection device on her car. She also points to other evidence that she says the court ignored.

The district court found, based on credible evidence, that Reulet regularly drank to excess and lied about it; drove her car after consuming alcohol; and took steps to hide her consumption of alcohol in public, all while she was prohibited from

4

doing so under the terms of her pretrial release. She does not argue that any of the court's underlying factual findings regarding her repeated and routine violations of the alcohol-related conditions of her release are clearly erroneous. Reulet instead asks this court to reweigh the evidence and draw inferences more favorable to her. But she fails to demonstrate that the district court's factual findings are insufficient to support its conclusion that she "is 'unlikely to abide by any condition or combination of conditions of release' that the court might impose on her." Aplt. App., Vol. II at 367 (quoting 18 U.S.C. § 3148(b)(2)(B)).

We affirm the district court's detention order.

Entered for the Court
Per Curiam