**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JONATHON SVEN VOOG,

    Defendant - Appellant.

No. 17-4082
(D.C. No. 2:17-CR-00236-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Jonathon Sven Voog appeals the district court's order of detention

pending trial. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c),

and we affirm.

I.

On March 3, 2017, police stopped Mr. Voog for a traffic violation in

Washington City, Utah. He gave the police a false name and date of birth. Officers

searched the vehicle and found Mr. Voog's identification, a firearm, and drug-related

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

items.  He was subsequently charged with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and three counts of unlawful possession of a controlled substance (methamphetamine, heroin, and marijuana), in violation of 21 U.S.C. § 844(a).

A magistrate judge held a detention hearing, and then ordered Mr. Voog detained pending trial.  Mr. Voog filed a motion to have the district court judge review the detention order.  The district court held another hearing, and then determined on de novo review that Mr. Voog should be detained pending trial.  Mr. Voog now appeals from that decision.

II.

Under the Bail Reform Act, a defendant must be detained pending trial if a judicial officer finds that "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  In making this determination, the court must consider the following factors:

> (1) [T]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance [or] firearm . . . (2) the weight of the evidence against the person; (3) the history of the characteristics of the person, including—(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

2

*Id*. § 3142(g).

The district court considered the evidence and the relevant factors. The court found that the nature and circumstances of the offenses charged weighed in favor of detention because the charged offenses are "serious offenses involving firearms and controlled substances." Aplee. Supp. App. at 21. The court also found the second factor weighed in favor of detention. The court noted that the indictment provides probable cause that Mr. Voog committed the offenses, and further noted that the "evidence, while circumstantial, appears strong." *Id*.

Next, the court considered the defendant's history and characteristics. The court observed that "Mr. Voog is a 34 year old man with a significant criminal history," noting that "his prior history is similar to that charged in the instant case, namely the illegal possession of weapons and narcotics." *Id*. The court further observed that Mr. Voog is unemployed, homeless, and has a long history of substance abuse. Finally, the court found that Mr. Voog has a history of non-appearance and non-compliance, noting "arrests for contempt of court, obstruction of justice, providing false information, and giving false personal identity to an officer." *Id*. at 22. The court determined that "[t]hese charges call into question [Mr. Voog's] credibility, including whether [he] would comply with release conditions" and concluded that all of the above considerations weighed in favor of detention. *Id*.

As for the final factor—the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release—the district court found that "[f]or many of the same reasons set forth above, this factor weighs in

3

favor of detention." *Id.* Given all of these considerations, the court found that Mr. Voog "poses a risk of flight and detention is required to assure the safety of any other person and the community." *Id.*

We review de novo mixed questions of law and fact concerning the detention decision. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). We review the district court's factual findings for clear error. *Id.*

On appeal, Mr. Voog does not assert a specific procedural, factual, or legal error in the district court's disposition. Instead, he goes through the factors and offers his own analysis of how the evidence should be weighed. He concedes that the nature and circumstances of his offenses "will generally weigh . . . in favor of detention." Aplt. Memo. Br. at 1. For the second factor, he argues that the evidence against him is circumstantial. For the third factor, he admits that he has a history of methamphetamine addiction, he is unemployed, and he is homeless, but he asserts without citing any record support that "he does have the ability to obtain both employment and safe housing immediately upon being released." *Id.* at 2. Finally, with respect to whether he is a danger to the community, he argues that he "has no history of violence and his entire drug history is that of addiction. When he is not partaking of methamphetamine he is a functioning member of society." *Id.*

Mr. Voog's current charges involve both drugs and firearms, and he has a long criminal history of being convicted for offenses involving drugs and firearms. He is addicted to methamphetamine, admitting that he was using the drug daily at the time of his arrest. "The concern about safety [of the community] is to be given a broader

4

construction than the mere danger of physical violence.  Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community."  *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (internal quotation marks omitted).  Mr. Voog's penchant for combining firearms and drugs demonstrates that he is a danger to the community.

Our de novo review of the record reveals no error in the district court's consideration of the statutory factors or the weight it accorded the factors. Accordingly, we affirm the district court's order detaining Mr. Voog pending trial.

Entered for the Court
Per Curiam
