FILED
United States Court of Appeals
Tenth Circuit

December 30, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ROBERT TAYLOR BRAGG,

      Defendant - Appellant.

No. 21-5082
(D.C. No. 4:21-CR-00088-JFH-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **MATHESON**, Circuit Judges.
_____

Robert Taylor Bragg appeals the district court's pretrial detention order.

Exercising jurisdiction under 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

After making incriminating statements to police about having physically

abused his infant daughter, Bragg was arrested and charged in Oklahoma state court.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A jury found him guilty of six counts of child abuse and he was sentenced to life in prison.

Bragg appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA), arguing as pertinent here that (1) his confession was coerced in violation of his *Miranda* and due process rights; and (2) Oklahoma lacked jurisdiction to prosecute him because the victim is an Indian and the alleged crimes occurred in Indian country. *See McGirt v. Oklahoma*, 140 S. Ct. 2452, 2459 (2020) (holding that territory in Oklahoma reserved for the Creek Nation in the 19th century remains "Indian country" for purposes of exclusive federal jurisdiction over certain criminal offenses committed "within the Indian country" or against an "Indian" (internal quotation marks omitted)). The OCCA vacated Bragg's conviction and sentence based on *McGirt* and directed the trial court to dismiss the charges for lack of jurisdiction. Having granted relief on the jurisdictional challenge, the OCCA deemed Bragg's other appeal issues moot. Accordingly, the OCCA did not address the merits of his confession-related claims.

After the state court dismissal, a federal grand jury charged Bragg with two counts of child abuse and two counts of aggravated sexual abuse under 18 U.S.C. §§ 13, 1151, 1152, and 2241(c), and 21 Okla. Stat. § 843.5(A). The government sought Bragg's detention pending trial, invoking the rebuttable presumption against release, and arguing that he was both a flight risk and a continuing threat to the community. The magistrate judge found that Bragg's evidence was sufficient to

overcome the presumption and ordered him released with conditions including home detention and electronic monitoring.

The government moved for revocation under 18 U.S.C. § 3145(a)(1). Reviewing the magistrate judge's order de novo based on the record of the detention hearing, the district court concluded that Bragg had not met his burden to rebut the presumption in favor of detention and that the government established by clear and convincing evidence that he continues to pose a danger to the community and that no combination of conditions could ensure the safety of the community from his potential for future violence.  Accordingly, the court revoked the magistrate judge's release order and ordered Bragg detained pending trial.

## II.  DISCUSSION

### A.     Legal Standards

Pre-trial release is governed by the Bail Reform Act, 18 U.S.C. § 3142 (the "Act").  The key factors are the risk of flight and potential danger to the community or any other person.  *See id.* § 3142(e)(1).  Here, the district court's detention decision was based solely on Bragg's danger to the community.

The government has the burden of proof at pre-trial detention hearings. *See United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).  As pertinent here, the government was required to prove by clear and convincing evidence that Bragg poses a continuing risk to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community" if he were released.  18 U.S.C. § 3142(e)(1), (f)(2).  The Act directs

district courts to consider the following factors in deciding whether the safety of the community can be assured if the defendant is released: (1) the nature and circumstances of the charged offense, including whether the offenses involve a minor victim; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger that would be posed by the defendant's release. *Id.* § 3142(g).

Because there is probable cause to believe Bragg committed offenses of aggravated sexual abuse under § 2241 involving a minor victim, there was a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community. *See id.* § 3142(e)(3)(E). The presumption shifted the burden of production to Bragg, but the burden of persuasion remained with the government. *See United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991) (per curiam). And despite the shifting burdens, "the presumption remain[ed] a factor for consideration by the district court in determining whether to release or detain" him. *Id.* at 1355.

We review the district court's pretrial detention decision de novo because it presents mixed questions of law and fact. *See Cisneros*, 328 F.3d at 613. However, we review the underlying findings of fact for clear error. *See id.* "On clear error review, our role is not to re-weigh the evidence; rather, our review of the district court's finding is significantly deferential." *United States v. Gilgert*, 314 F.3d 506, 515-16 (10th Cir. 2002) (internal quotation marks omitted).

4

B.    Analysis

Applying the § 3142(g) factors here, the district court found that Bragg's history and circumstances weighed against pretrial detention, but that the other three factors weighed in favor of it.  First, the court found that the "heinous and concerning" nature and circumstances of the charged offenses weighed in favor of detention.  Aplt. App., vol. 1 at 40.  Specifically, the court noted that the victim was a minor and that Bragg was responsible for caring for her when he took her to Indian Health Care Services where the doctor called 911 because she was unresponsive and had sustained multiple serious injuries.  The indictment alleges that Bragg shook and squeezed her, causing injuries to her head and torso; bit, grabbed, manipulated, and otherwise injured her, causing bruising; and inserted his finger and another foreign object into her vagina and anus.  Second, the court found the strength-of-the-evidence factor "weighs strongly in favor of pretrial detention" because the evidence against hm was "substantial."  *Id.*  In evaluating that factor, the court highlighted Bragg's confession and commented that, although his state-court conviction had been vacated on jurisdictional grounds, "the fact that a jury previously viewed the evidence and found [him] guilty beyond a reasonable doubt adds to the weight of the evidence analysis."  *Id.* at 40 & n.2.   Finally, with respect to the nature and circumstances of the danger Bragg presented, the court explained that the concern about safety to the community is broader than the danger of physical violence—the question is whether he might engage in any kind of criminal activity to the detriment of the community.  *See United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989).

Bragg contends the district court overemphasized the weight of the evidence against him and gave insufficient weight to evidence that he argued favored pretrial release.  Contrary to Bragg's contention that the weight of the evidence is the least important factor, the plain language of § 3142(g) does not suggest that one factor matters more or less than another.  Rather, applying and weighing the relative importance of the statutory factors requires an individualized determination that necessarily differs for each defendant depending on the circumstances of the case.  And although the district court assigned great weight to the evidence against Bragg, it also considered the other factors in reaching its decision.  In particular, the court acknowledged Bragg's lack of a criminal history, his substantial ties to the community, his pre-incarceration employment history and proffer that he will get a job if released, his compliance with a no-contact order and bail conditions in the state-court proceedings, his commitment to avoid contact with the victim and other children, his ability to live with his parents, his mother's willingness to serve as his third-party custodian, and the pretrial services report recommending release with conditions.  The court expressly found that this evidence weighed against pretrial detention, but concluded that on balance, it was insufficient to overcome the presumption of detention and the government's evidence regarding the other detention factors.  Bragg's disagreement with the outcome of the court's weighing of the parties' evidence and arguments and its balancing of the relevant factors is not a basis for reversal of its detention order.  *See Gilgert*, 314 F.3d at 515-16.  We find no clear error in the district court's findings of fact, and based on our review of the

record as a whole, we agree with its determination that pretrial detention is warranted here.

In so concluding, we reject Bragg's argument that the district court's emphasis on the weight of the evidence was contrary to the presumption of innocence guaranteed by his right to due process and reaffirmed by 18 U.S.C. § 3142(j). Section 3142(g) specifically directs courts to consider both the nature and circumstances of the charged offense and the strength of the government's case, and the court's consideration of those factors here did not amount to a pretrial finding of guilt. We are not persuaded otherwise by Bragg's contention that the court erred by relying "on a vacated conviction from a court without jurisdiction to tip the balance in favor of detention." Aplt. Bail Mem. Br. at 15. His state conviction was vacated on jurisdictional, not evidentiary grounds, and he cites no authority—and we are not aware of any—prohibiting the district court from considering it in assessing the weight of the evidence against him.

We are also not persuaded by Bragg's contention that the court erred by relying on the state conviction in evaluating the strength of the federal case because the federal charges include two counts of sexual abuse that were not among the state charges. The allegations of sexual abuse were not the focus of the court's consideration of the state-court conviction—the court's discussion of that conviction focused not on the nature of the charges in the two cases but on the evidence supporting them. As the court explained, the charges in both cases stem from the same "facts and circumstances," Aplt. App., vol. 1 at 40 n.2, and the evidence

7

presented at the state trial was strong enough for a jury to convict. Bragg's

challenges to the validity of his "highly-problematic 'confession,'" Aplt. Bail Mem.

Br. at 12, do not require a different result—in making its detention decision, the

district court was not required to prejudge the merits of those or any other arguments

he might raise in a motion to suppress or as part of his theory of defense at trial.

### III.  CONCLUSION

We affirm the district court's order. We grant Bragg's unopposed motion to

seal volume two of the appendix to his brief, which includes documents that were

sealed in district court because they contain information about his mental health and

the minor victim.

Entered for the Court
Per Curiam