**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 8, 2022**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DANIEL KROEKER,

    Defendant - Appellant.

No. 22-3092
(D.C. No. 6:22-CR-10014-JWB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BRISCOE**, and **BACHARACH**, Circuit Judges.
_____

Daniel Kroeker was indicted on two counts of receiving and possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2), (a)(5)(B), and (b)(2). The district court ordered pretrial detention under the Bail Reform Act, 18 U.S.C. § 3142. Mr. Kroeker has appealed. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

In January 2020, North Dakota law enforcement executed a search warrant at a residence based on a report from Tumblr, a social networking website, that child sexual abuse material had been uploaded from that location.  In particular, the owner of that Tumblr account sent an image depicting the sexual exploitation of a six-year-old.  North Dakota law enforcement reviewed the Tumblr account and identified a particular user who had received the image of the six-year-old.  A subsequent search warrant for that account showed it was associated with Mr. Kroeker, who resided in Dighton, Kansas.

Chat records from Mr. Kroeker's account also showed it had been used to communicate with various individuals who self-identified as minors, and to whom child pornography was then sent.  In some of the chats, Mr. Kroeker described having been twice suspended for sharing such images.  He also encouraged others to move to another social media platform to more freely exchange child pornography images.

In December 2020, the Kansas Bureau of Investigation obtained an arrest warrant and interviewed Mr. Kroeker.  He admitted to using Tumblr, and having engaged in chats with minors until his account was locked.  He also admitted to searching for child pornography.  Following these admissions, the KBI obtained a search warrant for Mr. Kroeker's residence and devices.  The search yielded 25 electronic devices and electronic storage devices, many of which contained child pornography.

The State initially arrested Mr. Kroeker in December 2020 and released him on a surety bond with conditions.  Those conditions included Mr. Kroeker's weekly

appearance at the county courthouse, but they did not include searches at Mr. Kroeker's residence or monitoring of his devices.

Additional state charges were filed upon the discovery of additional evidence of Mr. Kroeker's illegal activities, and finally the matter was referred to the United States Attorney's Office. On March 22, 2022, a grand jury indicted Mr. Kroeker for receipt of child pornography relating to the image of the six-year-old, and for possession of child pornography relating to the images found on his devices in December 2020.

The government moved for detention pending trial, arguing Mr. Kroeker was a danger to the community and a flight risk. A magistrate judge held a hearing and ordered Mr. Kroeker's release pending trial under various conditions, including a 7 p.m. curfew, location monitoring, and no unsupervised contact with minors. The government then appealed to the district court, which held a hearing and issued an order overturning the magistrate judge's order. The district court concluded that "[t]he government has carried its burden of proving by clear and convincing evidence that there is no combination of conditions that would reasonably assure the safety of others and the community if [Mr. Kroeker] were released pending trial." Aplt. App. at 34-35. This appeal followed.

## II. Discussion

The child pornography charges against Mr. Kroeker establish a rebuttable presumption "that no condition or combination of conditions will reasonably assure [his appearance] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). Mr. Kroeker bears the burden of producing evidence to rebut the presumption. *See United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991)

(per curiam). "Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1355. At the same time, "the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government." *Id.* at 1354-55.

We review the district court's ultimate detention decision de novo because it presents mixed questions of law and fact; however, we review the underlying findings of fact for clear error. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on review of the entire record, is left with the definite and firm conviction that a mistake has been committed." *United States v. Gilgert*, 314 F.3d 506, 515 (10th Cir. 2002) (brackets and internal quotation marks omitted). We review the district court's findings with significant deference, cognizant that "our role is not to re-weigh the evidence." *Id.* at 515-16.

We examine four factors in determining whether any release conditions will reasonably assure Mr. Kroeker's appearance and the safety of others and the community: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g).

4

**A.  Nature and Circumstances of the Offense Charged**

Mr. Kroeker says that in considering this factor, the district court focused on the ubiquity of internet-accessible devices and the approximately 18 months[1] that Mr. Kroeker's devices contained child pornography.  He argues these circumstances are common to nearly all child-pornography defendants and that by the district court's reasoning, no such defendant would ever be eligible for release.  We disagree with this characterization of the district court's order, which stated:

> [T]here is evidence that Defendant's conduct went beyond simply possessing images of child pornography and involved direct communication with the parent of a young child about sexual abuse of that child.  The [government's] proffer indicates Defendant's communication encouraged the parent to engage in sexual abuse of the child and to share images of that abuse, and that the parent in fact shared an image of the minor with Defendant.

Aplt. App. at 31.  Mr. Kroeker does not challenge the accuracy of these factual findings, which the district court found indicate strongly that Mr. Kroeker's release would pose a high risk to the community, and "particularly to minors who are unable to protect themselves."  *Id.*  We agree with the district court that these findings distinguish Mr. Kroeker's case from those involving only possession of images downloaded from the internet.  *Id.*[2]

---

[1] The district court characterized these 18 months as a "significant period of time [that] indicates an abiding interest in and pursuit of child pornography over a lengthy period, and suggests a high propensity to engage in such conduct."  Aplt. App. at 32.

[2] Other evidence further supports the district court's conclusion.  For example, it appears Mr. Kroeker communicated directly via chat rooms with individuals who identified themselves as minors, and that he sent images of child pornography to

## B. Weight of the Evidence

The district court found that the weight of the evidence against Mr. Kroeker is "strong." *Id.* at 32 ("The proffer indicates the government possesses evidence of electronic records supporting the allegations in the indictment, physical evidence obtained as a result of search warrants, and admissions by Defendant tending to support the allegations. The government represents that it has evidence connecting the communications and images at issue to Defendant and his residence."). Mr. Kroeker's briefing makes no effort to challenge that finding, and we find no fault with it. The first two factors, then, weigh decidedly against release.

## C. History and Characteristics of the Person

Section 3142(g) instructs the judicial officer to consider "the history and characteristics of the person," including:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law[.]

§ 3142(g)(3)(A)-(B). As the district court noted, Mr. Kroeker is 47 and has no prior criminal convictions or known criminal history beyond the instant charges. He is an

---

those individuals. Mr. Kroeker also claimed in certain chats that his Tumblr account was twice suspended, yet having his account suspended did not discourage him from continuing to search for, and share, child pornography.

6

unemployed truck driver and receives approximately $3,500 a month in unemployment benefits.  He had a stroke in 2020 and has ongoing health issues.  Mr. Kroeker owns a residence in Dighton, Kansas, where he lives by himself.  He is divorced and has no children.  He has two siblings in Colorado, one of whom attended the detention hearing.  He also has ties to a local church, but that connection dates back nine months at most.

The government asserts that Mr. Kroeker's history and characteristics make him a flight risk.  In addition to the fact that Mr. Kroeker's ties to Dighton are minimal, the government also notes that he speaks Spanish fluently and that his mother lives in Paraguay, where Mr. Kroeker lived when he was younger.  The government asserts that Mr. Kroeker could walk away from his home in Dighton and abscond to Paraguay "or elsewhere in the southern hemisphere."  Appellees' Mem. Br. at 11.  But the government points to no evidence that Mr. Kroeker has been to Paraguay since he entered the United States approximately 20 years ago.  And other than the fact that he speaks Spanish, the government offers no support for its speculation that he might flee to some other part of South America.

For his part, Mr. Kroeker emphasizes that he was on pretrial release in connection with his state charges and did not violate any of the terms of release.  The government notes, however, that state resources for monitoring defendants on pretrial release are limited.  Mr. Kroeker apparently only had to report to the county courthouse on a weekly basis, and the State's monitoring of Mr. Kroeker's internet use was non-existent.  In addition, the range of potential punishment relating to the

7

state charges was much lower than the potential 20 years Mr. Kroeker faces under the pending federal charges, *see* 18 U.S.C. § 2252A(b)(2)—which is a consideration we have found relevant in other cases. *See Cisneros*, 328 F.3d at 618 (noting that although defendant had complied with terms of conditional release in Arizona, "she reasonably believed she was facing only three to four years in jail, whereas now she knows that she is facing the prospect of life imprisonment").

The district court found that Mr. Kroeker's history and characteristics generally weigh in favor of release. We might have weighed this factor differently, but we cannot reweigh the evidence on clear-error review, *see Gilgert*, 314 F.3d at 515-16, and a factfinder's choice between two permissible views of the evidence cannot be clearly erroneous, *see Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

### D.  Danger to the Community

The fourth factor requires the judicial officer to assess "the nature and seriousness of the danger to any person or the community that would be posed by [Mr. Kroeker's] release." § 3142(g)(4). "The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (per curiam) (internal quotation marks omitted). The district court cited evidence that Mr. Kroeker successfully encouraged a third party to engage in sexual abuse of a minor, and that he has communicated with individuals who

8

self-identified with minors and shared child pornography images with them.  This evidence supports the district court's conclusion that the danger Mr. Kroeker poses to minors "strongly favors" detention.  Aplt. App. at 33.

### III.  Conclusion

The district court considered the evidence in light of the relevant statutory factors and the presumption of detention, and it made the necessary factual findings to support its pretrial detention order.  We affirm.

Mr. Kroeker's Motion to File Partially Sealed Appendix is granted.

Entered for the Court
Per Curiam