**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**March 5, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

OLUYOMI OMOBOLANLE BOMBATA,
a/k/a Bola, a/k/a Bola Flexx, a/k/a Bobo
Chicago,

    Defendant - Appellant.

No. 24-7101
(D.C. No. 6:24-CR-00208-JFH-1)
(E.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **McHUGH**, and **MORITZ**, Circuit Judges.

_____

Oluyomi Bombata is facing a five-count indictment alleging his participation in a wire-fraud conspiracy. The district court ordered his pretrial detention. Mr. Bombata appeals, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Law Governing Pretrial Detention

The Bail Reform Act allows pretrial detention only if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  The government must prove flight risk by a preponderance of the evidence, and it "must prove dangerousness to any other person or to the community by clear and convincing evidence."  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

The detention decision must account for four factors:  (1) the nature and circumstances of the charged offense; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger release would pose to a person or the community.  *See* § 3142(g).

## II.  District Court Proceedings

The indictment describes a conspiracy that tricked an Oklahoma business into wiring more than $500,000 to an account created for the conspiracy instead of the business account that was actually supposed to receive the money.  The government claims Mr. Bombata served essentially as a "middle manager" in the scheme.  App. vol. 2 at 57.[1]

---

[1] In this decision, we quote from and discuss record materials that have been filed under seal.  We do so with caution, and we have limited our discussion of the sealed materials to those parts necessary to provide a reasoned decision.  Volume 2 of the appendix will remain under seal.

Although his prosecution is happening in the Eastern District of Oklahoma, Mr. Bombata, now 26, has lived most of his life in Chicago. And that is where he was arrested. The government moved for his pretrial detention. After a hearing, a magistrate judge in the Northern District of Illinois ordered his release with strict conditions, including home incarceration in his parents' Chicago home and a prohibition against his using any device capable of connecting to the internet.

The government appealed to the United States District Court for the Eastern District of Oklahoma. The district judge reversed the magistrate judge's release order, concluding the government had proved that both Mr. Bombata's flight risk and his risk to community safety required detention.

### III. Procedural Issues

Before assessing the merits of the district judge's detention decision, we address Mr. Bombata's two claims of procedural error.

### A. Pretrial Services Report

The district judge did not review the pretrial services report before deciding the government's appeal. The parties dispute whether the judge had an obligation to review the report. We need not resolve that dispute, however, because even if the judge erred by failing to review it, the error was certainly harmless.[2]

---

[2] The government has not asserted harmlessness, but we exercise our discretion to raise the issue ourselves. *See United States v. McFadden*, 116 F.4th 1069, 1094–95 (10th Cir. 2024).

Although the district judge failed to review the pretrial services report, the materials he did review contained much of the same information. The transcript of the hearing before the magistrate judge disclosed, for example, the pretrial services officer's risk assessment, the officer's recommendation of release with conditions, Mr. Bombata's significant family support, and his lack of prior convictions or failures to appear for court.[3] The only significant information not disclosed in the transcript—the details of Mr. Bombata's arrest history—would have harmed his prospects for release. The pretrial services report details eight prior arrests, yet the district judge acknowledged only two. If anything, then, the judge's failure to review the report benefitted Mr. Bombata. And so any error in the judge's overlooking the report did not affect Mr. Bombata's substantial rights. *See United States v. McFadden*, 116 F.4th 1069, 1094 (10th Cir. 2024).

## B. Supplemental Materials

The government filed its appeal of the magistrate judge's ruling in district court, and Mr. Bombata responded. The government then filed a supplement containing additional allegations and argument. Along with the supplement, the

---

[3] While acknowledging that the transcript disclosed the pretrial services officer's release recommendation, Mr. Bombata protests that the transcript did not contain the "officer's analysis in support of that recommendation." Aplt. Mem. Br. at 16. We see very little in the report that could fairly be labelled *analysis*. For the most part, the report recites information the officer obtained through investigation. The closest thing to analysis we see is a section in which the officer identified factors suggesting flight risk and risk to community safety. But that section militated against release. In short, Mr. Bombata fails to identify any specific analysis in the report that might have helped him.

government submitted evidence (text-message conversations) found on phones Mr. Bombata possessed when he was arrested for this case. Mr. Bombata argues the district judge erred by considering the supplemental allegations and evidence without holding a hearing.

We will not review this argument. In his response to the government's appeal in district court, Mr. Bombata requested an expedited ruling, opined that the district judge was "not required to hold any hearing," and took "no position on whether the Court should do so." App. vol. 1 at 82. Although he made those statements before the government filed its supplement, he never requested a hearing or objected to the judge's considering the new materials during the eleven days between the government's filing of the supplemental materials and the judge's ruling. That silence forfeited his current argument, leaving plain-error review his only chance for success. *See United States v. Perez*, 127 F.4th 146, 164 (10th Cir. 2025). But he makes no plain-error argument, so he has waived the issue. *See id.*

## IV. Detention Decision

We accept the district judge's findings of historical fact unless they are clearly erroneous. *See Cisneros*, 328 F.3d at 613. We review de novo the judge's application of the law to the facts, including the ultimate detention decision. *See id.*

Mr. Bombata makes several arguments against the judge's decision that flight risk required detention. We need not consider those arguments, however, because the judge also decided that Mr. Bombata posed a risk to community safety requiring detention, and we affirm that decision.

In concluding that the nature and circumstances of Mr. Bombata's charged offenses favor detention, the district judge noted the significant possible penalties for the charges. In Mr. Bombata's view, the judge "overstated the realistic punishment." Aplt. Mem. Br. at 19. We disagree. The judge never suggested Mr. Bombata would receive the maximum possible sentence. As we read the judge's order, he noted the possible penalties only to demonstrate that the charges in this case are serious, a point even Mr. Bombata does not dispute.

Nor does he dispute that the weight of the evidence against him favors detention.

Turning to his history and characteristics, Mr. Bombata underscores that he lacks any prior convictions, let alone convictions for violent crimes. Fair enough. But the type of behavior that can harm community safety includes more than just "physical violence." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989). "Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *Id.* (internal quotation marks omitted).

Ample evidence supports the conclusion that Mr. Bombata poses a danger to the community. The district judge discussed two of Mr. Bombata's prior arrests. In the first, Mr. Bombata had a loaded gun, and multiple credit or debit cards and checks "in the names of other individuals and businesses." App. vol. 1 at 204.[4] In

---

[4] Mr. Bombata criticizes the district judge for "accepting the government's unsubstantiated" assertions about the first arrest. Aplt. Mem. Br. at 21. But the rules

the second prior arrest, he had a fake driver's license and more credit or debit cards in others' names. And when he was arrested for this case (while on bond in a prior case), he again had "multiple debit cards in the names of other individuals and businesses." *Id.*

On top of that, as the district judge noted, the government submitted information strongly supporting its allegation that Mr. Bombata "is engaged in continuing fraudulent activity." *Id.* at 206. The indictment charges conduct occurring between June and October 2023. The government submitted messages from October 2024 (again, when Mr. Bombata was on bond in another case) that appear to show Mr. Bombata and an associate "coordinating wire transfers of $150,000, $170,000, and $2 million." *Id.* Given that evidence, the district judge correctly concluded that Mr. Bombata's release poses a threat to the community.

No conditions could "mitigate the risk to the community," the district judge held, because Mr. Bombata's "offense conduct involves online activity, which pretrial services does not have the ability to monitor." *Id.* Mr. Bombata retorts that judges routinely impose release conditions restricting internet access, and he argues that the judge's determination that such conditions would be ineffective here "lacked a factual basis." Aplt. Mem. Br. at 22. Not so. The pretrial services officer told the magistrate judge that they "don't have a way to monitor internet access." App. vol. 2

---

governing the admission of evidence at trial "do not apply to the presentation and consideration of information" in detention hearings. § 3142(f). And so the time to challenge the accuracy of the government's assertions was in district court. We review the district judge's factual findings only for clear error, and we see none.

at 80. Faced with strong evidence that Mr. Bombata has continued to commit fraud using the internet (while free on bond no less), the district judge correctly concluded that no conditions would reasonably assure community safety if Mr. Bombata were released.

## V. Disposition

The district judge's order is affirmed.

Entered for the Court

Per Curiam