FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 18, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRYCE LUCAS STIMKA,

    Defendant - Appellant.

No. 25-4125
(D.C. No. 2:25-CR-00250-DAK-1)
(D. Utah)

_____

**ORDER AND JUDGMENT***

_____

Before **HOLMES**, Chief Judge, **BACHARACH**, and **EID**, Circuit Judges.

_____

In June 2025, a grand jury in the District of Utah indicted Bryce Lucas Stimka on charges of producing child pornography, receiving child pornography, and enticement to engage in illegal sexual activity. Stimka appeals the district court's pretrial detention order. Exercising jurisdiction under 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291, we reverse in part, vacate in part, and remand for further proceedings.

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BAIL REFORM ACT STANDARDS

The Bail Reform Act requires pretrial detention "[i]f, after a hearing . . . , [a] judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  The Act further creates a presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed" certain enumerated offenses—including the offenses with which Stimka has been charged.  *See* § 3142(e)(3)(E).  The defendant may rebut that presumption by producing "some evidence" that his appearance could be assured and that he would not be a danger to the community.  *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).  Regardless of the presumption's effect, "the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government."  *Id.* at 1354–55.

## II.    BACKGROUND & PROCEDURAL HISTORY

In July 2024, Stimka (who was twenty-three years old) began an online relationship via Snapchat with a fourteen-year-old girl in Utah.  Over roughly the next nine months, Stimka and the girl exchanged numerous sexually explicit photos, videos, and texts.  The relationship ended in March 2025 when the girl's parents discovered the secret cell phone through which she had been communicating with

2

Stimka. A grand jury indicted Stimka in June 2025 based on this conduct and Stimka was arrested the following month.

Applying the Bail Reform Act standards, a magistrate judge ordered Stimka detained. In a written order, the magistrate judge concluded Stimka had met his burden of production to rebut the presumption of detention but the government had nonetheless carried its burden to show Stimka was a community danger.

Stimka appealed to the district court. Regarding his burden to rebut the presumption of detention by producing "some evidence" that his appearance could be assured and that he would not be a danger to the community, *Stricklin*, 932 F.2d at 1355, Stimka offered the following to the district court:

> *Criminal history.* Mr. Stimka has no criminal history.
>
> *Community ties.* Mr. Stimka has strong ties to Carson City, Nevada, and the District of Nevada, where he intends to live if released. He grew up in Carson City and lived there until he enlisted in the Navy in 2021.
>
> *Family ties.* Most of Mr. Stimka's immediate family lives in Carson City. His wife is there (with her parents for the time being). His father and brother are there. If released, Mr. Stimka would live with his grandmother, Sandra Danforth. Ms. Danforth lives alone, and Mr. Stimka would have no unsupervised contact with minors at her residence.
>
> *Employment.* Mr. Stimka served in the Navy with distinction from 2021 to 2025. He cannot return to his position with the Navy, but he has employment prospects. On information and belief, he can work with his father at a warehouse job.

Aplt. App. vol. II at 52 (footnote omitted). Stimka further noted that he "doesn't have significant financial resources or a passport," and "has no recent history of substance abuse." *Id.* at 53.

3

The district court held a hearing where it heard argument about these matters. Much of the argument focused on whether Stimka's alleged criminal behavior ended when the relationship with the victim ended. At the conclusion of the hearing, the district court announced its decision as follows:

> THE COURT: These are very serious charges. I guess I'm not convinced that there's been enough time to suggest that he's moved on. I think he could still be a danger to the community, and so I find that you've not rebutted the presumption.
>
> MR. BRIDGE [defense counsel]: Just to clarify, Your Honor, for purposes of appeal: Are you saying we didn't meet our burden of production?
>
> THE COURT: You didn't—you didn't rebut the presumption of incarceration. There's a rebuttable presumption—it's presumed that he'll be incarcerated that's rebuttable. I'm saying—
>
> MR. BRIDGE: I'm sorry. My follow-up question, Your Honor, again, just to preserve the record here—
>
> THE COURT: Yeah.
>
> MR. BRIDGE: —is we have a burden of production not persuasion. Are you saying that the evidence that we've proffered today does not meet the burden of production?
>
> THE COURT: Yes.

*Id.* at 82–83.

## III.   ANALYSIS

"We apply de novo review to mixed questions of law and fact concerning the detention or release decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).

The district court's conclusion that Stimka failed to meet his burden of production was error. The "some evidence" burden "is not heavy." *Stricklin*, 932 F.2d at 1355. The evidence Stimka presented here matches the sort of evidence courts have previously held to satisfy the burden of production. *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (concluding defendants had rebutted the presumption of detention through evidence of a clean criminal record, a history of stable employment, and family connections), *cited with approval in United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989).

The government defends the district court's resolution by explaining why, in the government's view, Stimka's evidence is unpersuasive. But Stimka did not have a burden of persuasion, simply of production.

The government further argues that, even if Stimka rebutted the presumption, this court can still affirm based on the magistrate judge's written order explaining his decision to keep Stimka detained. The government cites no authority for this proposition and we are aware of none. When the defendant appeals a detention or release decision from the magistrate judge to the district court, the district court reviews the matter de novo. *Cisneros*, 328 F.3d at 616 n.1. The district court "must [therefore] make an independent determination of the proper pretrial detention or conditions for release." *Id.* (internal quotation marks omitted). We thus do not see how we can reach back to the magistrate judge's reasoning, especially in this circumstance, where the district court disagreed with the magistrate judge on the threshold question, namely, whether Stimka had rebutted the presumption.

5

## IV.    CONCLUSION

We reverse the district court's finding that Stimka failed to meet his burden of production and thereby failed to rebut the presumption of detention.  We vacate the district court's denial of pretrial release.  We remand this matter to the district court for proceedings consistent with this order and judgment.  The mandate shall issue forthwith.[1]

Entered for the Court

Per Curiam

---

[1] Stimka moves to seal volume III of the appendix because it contains his pretrial services report and transcripts of his explicit text conversations with the victim, which include sensitive details.  We grant that motion.